■ KIERIAN NWUGWO, Appellant, v MOUNT VERNON NEIGHBORHOOD HEALTH CENTER et al., Respondents, et al., Defendants. [769 NYS2d 898]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 2, 2002, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Mount Vernon Neighborhood Health Center, Yonkers Community Health Center, Carole Morris and Healthcare Underwriters Mutual Insurance Company for summary judgment dismissing

plaintiff's sixth cause of action for breach of contract, unanimously reversed, on the law, with one bill of costs, the motion denied and partial summary judgment on liability granted to plaintiff on his sixth cause of action, and the matter remanded for further proceedings, including a determination of damages.

Endorsements Nos. 4 ("Additional Insured [Employees]") and 7 ("Additional Interest Endorsement—Liability of Employees") of the professional liability policy in issue respectively provide that "the 'Persons Insured' provision is amended to include any employee of the **named insured**" and that "the unqualified word 'insured' includes (1) any employee . . . of the named insured while acting within the scope of his duties as such."

Endorsement No. 7 specifically added plaintiff, a physician employed by the named insured, defendant Mount Vernon Neighborhood Health Center, to the policy as an additional insured. Thus, as an "insured" as defined by the policy, any settlement of the underlying claim against plaintiff was subject to his written approval pursuant to paragraph I of the policy, which authorizes the settlement of any claim by the company "with the written consent of the insured."

Accordingly, since it is conceded that plaintiff's written consent was neither sought nor obtained for the settlement of the underlying claim against him, plaintiff is entitled to partial summary judgment on the issue of liability for breach of contract under his sixth cause of action. The matter is remanded for further proceedings on the remaining causes of action, including an assessment of damages on the sixth cause of action. Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.